UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASIEL MOHMOND, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-1892 AC P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 8. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　In support of the motion for the appointment of counsel, plaintiff asserts that the complexity of the instant action as well as the complexity of a related, albeit earlier-adjudicated matter, warrant a grant of the motion. ECF No. 8 at 6. Plaintiff also argues that both state and federal law warrant counsel appointment. See id. at 1.

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Furthermore, generally, a litigant has no right to counsel in a civil matter.  See United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986).  For these reasons, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 8) is DENIED.

DATED: December 3, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE