UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>ASIEL MOHMOND, et al.,<br><br>    Defendants. | No. 2:20-cv-1892 TLN AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 4. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

I.     IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 4. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of

twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

III.     THE COMPLAINT

Plaintiff names Deputy Attorney General ("DAG") Asiel Mohmond, United States Magistrate Judge Kendall J. Newman, and California Medical Facility Litigation Coordinator B. Ebert[1] as defendants in this action.  See ECF No. 1 at 1-2.  The twenty-six-page complaint seeks to relitigate Steward v. Thumser, No. 2:16-cv-1232 TLN KJN P ("Thumser"), a case that was dismissed in March 2019 as a sanction for plaintiff's "intentional and willful refusal to participate in a properly noticed deposition in violation of the Court's order."  See Thumser, ECF Nos. 95, 101(findings and recommendations), 102  (order and judgment adopting same).

Magistrate Judge Newman presided over Thumser, and DAG Mohmond represented the defendants in that case.  The instant complaint alleges that Ms. Mohmond and Judge Newman violated a number of plaintiff's constitutional rights during the adjudication of Thumser.  See generally ECF No. 1 at 3-25.  As a result, plaintiff seeks $70,000.00 in damages from DAG Mohmond as well as injunctive relief that "disqualifies" her for all the offenses plaintiff alleges she committed when she represented the Thumser defendants.  See id. at 26.  Plaintiff also seeks injunctive relief reopening Thumser.  See id.

IV.     DISCUSSION

A review of the recent cases plaintiff has filed in this court indicates that this is one of two attempts by plaintiff to reopen Thumser.  As stated above, Thumser was closed in March 2019 due to plaintiff's own failure to act.  See Thumser, ECF No. 95 at 16; ECF Nos. 101, 102.  Plaintiff filed the instant complaint in September 2020 (see ECF No. 1), and in October 2020 he filed Steward v. Newman, No. 2:20-cv-2069 TLN AC P ("Newman").  See Newman, ECF No. 1.  In December 2020, Newman was fully adjudicated and the matter was closed.  See Newman, ECF Nos. 16, 17.

The Newman case attacked both the handling and outcome of Thumser and that of Steward v. Lynch, No. 2:18-cv-1227 KJM KJN P.  See Newman, ECF No. 1 at 4.  Although

---

[1] Although plaintiff has also named Litigation Coordinator B. Ebert as a defendant (see ECF No. 1 at 1-2), and defendant Ebert is mentioned in the body of the complaint (see id. at 17, 18), it is unclear what claims, if any, plaintiff wishes to raise against this individual.  See generally ECF No. 1.

3

Newman therefore involved some defendants who are not named in the instant case, Judge Newman and DAG Mohmond are named as defendants in both matters. See ECF No. 1 at 1-2; Newman, ECF No. 1 at 1-3. As to plaintiff's allegations regarding Thumser, the theories for relief in Newman are fundamentally the same as those forwarded here – namely, that Thumser was mishandled by the judge and DAG associated with it, and that their actions constituted an abuse of discretion. Compare generally ECF No. 1 at 24-25, with Newman, ECF No. 1 at 29-31.

The Newman case was dismissed on screening for failure to state a claim. See Newman, ECF No. 8 at 3-5. The reasons for that decision apply equally here:

> The federal magistrate and district judges named in this action are absolutely immune from suit for their judicial actions. See Mireles v. Waco, 502 U.S. 9, 11-2 (1991) (per curiam) (citing Forrester v. White, 484 U.S. 219, 227-29 (1988) and Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)); see also Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir.1986) (federal judge enjoys absolute judicial immunity when sued for actions that "were judicial in nature and were not done in clear absence of all jurisdiction").
>
> Similarly, the California Attorney General and assistant attorneys general are absolutely immune for Section 1983 liability based on their presentation of the State's defense case. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976).
>
> . . . .
>
> Plaintiff's allegations against these defendants attempt to assert myriad putative "claims of infringement of [] legal interest[s] which clearly do[] not exist" and thus are "indisputably meritless." Neitzke, 490 U.S. at 325. Plaintiff's putative claims set forth no "'factual and legal basis, of constitutional dimension, for the asserted wrong[s].'" Franklin, 745 F.2d at 1227-28 (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir. 1976)).
>
> Because the only defendants named in this case are absolutely or qualifiedly immune from suit, or their challenged conduct is otherwise legally nonactionable, this court finds that the complaint fails state a claim upon which relief can be granted within the meaning of 28 U.S.C. § 1915A(b), and cannot be cured by amendment. "A district court may deny leave to amend when amendment would be futile." Hartmann v. California Department of Corrections and Rehabilitation, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez, 203 F.3d at 1124. . . .

1   Newman, ECF No. 8 at 3-5 (findings and recommendations).  The district judge in Newman
2   adopted this reasoning in full, dismissed the complaint without leave to amend for failure to state
3   a claim, and designated the dismissal a "strike" under 28 U.S.C. § 1915(g).  See Newman, ECF
4   No. 16.
5         The same result must obtain in this case.  Judges and deputy attorneys general are immune
6   from suit for their judicial actions and for their presentations of the State's defense, respectively.
7   Moreover, this action is barred by principles of claim preclusion because the claims here are
8   substantively identical to those in Newman, that case reached a final judgment on the merits, and
9   there is obvious privity between parties.  See Howard v. City of Coos Bay, 871 F.3d 1032, 1039
10  (9th Cir. 2017).  None of these defects can be cured by amendment, so leave to amend need not
11  be granted.  See Hartmann v. California Department of Corrections and Rehabilitation, 707 F.3d
12  1114, 1130 (9th Cir. 2013).  Accordingly, the undersigned recommends that this action be
13  dismissed for failure to state a claim and for seeking monetary relief from defendants who are
14  immune from such relief.  See 28 U.S.C. 1915(A)(b)(1)-(2).  Additionally, the undersigned will
15  recommend that the matter be designated a "strike" within the meaning of 28 U.S.C. § 1915(g).
16        Accordingly, IT IS HEREBY ORDERED that:
17        1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is GRANTED, and
18        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
19  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
20  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
21  appropriate agency filed concurrently herewith.
22        IT IS FURTHER RECOMMENDED that:
23        1.  The complaint be DISMISSED with prejudice for failure to state a claim upon which
24  relief may be granted and for seeking monetary relief from defendants who are immune from
25  such relief.  See 28 U.S.C. 1915(A)(b)(1)-(2); and
26        2.  The dismissal of this action be designated a "strike" within the meaning of 28 U.S.C. §
27  1915(g).
28  ////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 14, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE